IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

LINDA K. WALLS,                        )
                                       )
            Plaintiff,                 )
                                       )
                                       ) Case No. CIV-21-143-KEW
                                       )
COMMISSIONER OF THE SOCIAL             )
SECURITY ADMINISTRATION,               )
                                       )
            Defendant.                 )

## OPINION AND ORDER

Plaintiff Linda K. Walls (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability benefits under the Social Security Act. The Claimant appeals the Commissioner's decision, asserting that the Administrative Law Judge ("ALJ") incorrectly determined she was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case REMANDED to the ALJ for further proceedings.

### Claimant's Background

The Claimant was fifty-nine (59) years old at the time of the ALJ's decision. She has her G.E.D. and has worked in the past as a phlebotomist, certified nurse aide, and job coach. The Claimant alleges that her inability to work began on December 31, 2018. She originally claimed that this inability to work stemmed from lupus and arthritis.

1

**Procedural History**

On January 1, 2019, the Claimant applied for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.) of the Social Security Act and for supplemental security income benefits under Title XVI (42 U.S.C. § 1381, et seq.) of the Social Security Act. The Claimant's applications were initially denied and were denied on reconsideration. The Claimant filed a request for a hearing, which was held on June 24, 2020. The hearing was held telephonically due to COVID-19 and was before ALJ Jennie L. McLean. On August 4, 2020, ALJ McLean entered an unfavorable decision. The Claimant requested review by the Appeals Council and the Council denied such request on December 21, 2020. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ followed the five-step sequential process that the social security regulations use to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1] At step two, the ALJ found

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment

2

that the Claimant had the following severe impairments: psoriatic arthritis, systemic lupus, and diabetes. (Tr. 13). She also determined that the Claimant had a mild mental limitation, specifically adjustment disorder with depressed mood. (Tr. 13). At step four, the ALJ determined that the Claimant had the residual functional capacity ("RFC") "to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can never climb ladders, ropes, and scaffolds, but can occasionally climb stairs and ramps, as well as occasionally balance, kneel, crouch, crawl, and stoop." (Tr. 16).

The ALJ then concluded that this RFC would not allow the Claimant to return to her past relevant work. (Tr. 21). The ALJ then proceeded to step five and found that considering claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the Claimant can perform. (Tr. 21). Thus, the ALJ found that the Claimant had not been under a disability from December 31, 2018, through the date of the decision. (Tr. 22-23).

---

is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

**Errors Alleged for Review**

The Claimant asserts that the ALJ erred in two ways. She first contends that the ALJ's determination that the Claimant's skills would transfer to other jobs with little to no vocational adjustment was not supported by substantial evidence. She next contends that the ALJ failed to consider the Claimant's mental impairments when she determined her RFC.

**Social Security Law and Standard of Review**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A).

Judicial review of the Commissioner's final determination is limited to two inquiries: first, whether the correct legal standards were applied; and second, whether the decision was supported by substantial evidence. *Noreja v. Comm'r, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means — and means only — 'such

4

relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01. The Commissioner's decision will stand, even if a court might have reached a different conclusion, as long as it is supported by substantial evidence. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

### Inclusion of Mental Impairments in the RFC Analysis

The Claimant asserts that the ALJ failed to conduct a proper analysis of the Claimant's mental limitations when she determined the Claimant's RFC. For the reasons outlined below, the Court agrees with the Claimant that the ALJ did fail to properly address the impacts of the Claimant's mental impairment at step four. Therefore, the decision of the ALJ must be reversed.

When assessing a Claimant's RFC, "the ALJ must consider the combined effect of all medically determinable impairments, whether severe or not." *Wells v. Colvin*, 727 F.3d 1061, 1071 (10th Cir.

5

2013). In *Wells*, the Tenth Circuit held that the "conclusion that the claimant's mental impairments are non-severe at step two does not permit the ALJ simply to disregard those impairments when assessing a claimant's RFC and making conclusions at steps four and five." *Id*. at 1068-69. When assessing RFC, "the ALJ must consider the combined effect of all medically determinable impairments, whether severe or not." *Id*. at 1069. "[T]o the extent the ALJ relied on his finding of non-severity as a substitute for adequate RFC analysis, the Commissioner's regulations demand a more thorough analysis." *Id*. at 1071. The Tenth Circuit is clear — an ALJ's failure to consider **all** impairments in the RFC analysis is a reversible error. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006) (emphasis added) (citing *Langley v. Barnhart*, 373 F.3d 1116, 1123-4 (10th Cir. 2004).

In this case the ALJ failed to discuss the Claimant's non-severe mental impairment when she determined her RFC. The ALJ's only statements at step four that discussed the Claimant's mental impairment was when she stated that the administrative findings of the state psychologists were persuasive. (Tr. 20). The ALJ failed to provide any details or findings related to why the Claimant did not need any limitations based on her adjustment disorder with depressed mood. (Tr. 16-20). Instead, her determination and lack of limitations seems to rely on the fact that she found this mental impairment mild at step two. (Tr. 13-15). This is exactly the type

of conflation of the step two analysis and step four analysis which the Tenth Circuit warned against in *Wells*. Her discussion of the mental limitations is simply not enough to determine if the ALJ considered the effects of the Claimant's mental impairment when she determined the RFC.

The Commissioner argues that the ALJ did consider the Claimant's mental impairments at step four when she considered the persuasiveness of the medical findings of the state agency psychologists. (Tr. 20). While the ALJ did discuss the persuasiveness of the state agency psychologists' opinion, that is not enough to show she considered the mental impairment. In fact, the fact that her only discussion of the mental impairment at step four was her statement that the psychologist found the mental impairment non-severe merely further speaks to the ALJ's reliance on a non-severe finding as a substitute for a proper RFC analysis. This directly contradicts the step-four requirements. *Wells,* 727 F.3d at 1071.

Because the ALJ failed to properly account for the Claimant's mental impairments when she determined the Claimant's RFC, the undersigned Magistrate Judge concludes that the decision of the Commissioner should be reversed, and the case remanded. On remand, the ALJ should consider all the Claimant's impairments, and fully explain why certain impairments do not result in limitations in the RFC. If such analysis results in any modification of the

Claimant's RFC, the ALJ should then redetermine what work, if any, the Claimant can perform and ultimately whether she is disabled.

At this time the Court declines to address whether the ALJ's reliance on the vocational expert's ("VE") testimony was improper, as the RFC and hypotheticals posed to the VE may change when the mental limitations are properly assessed. While the Court does decline to rule on this issue, it urges the ALJ to ensure that she includes all relevant information when posing hypothetical questions to the VE as to the transferability of the Claimant's skills.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court, in accordance with the fourth sentence of 42 U.S.C. 405(g), the ruling of the Commissioner of the Social Security Administration should be and is REVERSED and the case is REMANDED for further proceedings consistent with the Opinion and Order.

IT IS SO ORDERED this 17th Day of March, 2023.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE